UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN C. HARRIS,

      Plaintiff,                              Case No. 12-cv-10921

-vs-                                    HON. PAUL D. BORMAN

CSX TRANSPORTATION, INC.,
a foreign corporation,

      Defendant.
_____

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Brian A. Kreucher (P43723) |
| Jeffrey A. Danzig (P36571) | Gouri G. Sashital (P64628) |
| FIEGER, FIEGER, KENNEY, GIROUX | KELLER THOMA, P.C. |
| & DANZIG, P.C. | Attorneys for Defendant and Ryan McInerney |
| Attorneys for Plaintiff | 440 E. Congress, 5th Floor |
| 19390 West Ten Mile Road | Detroit, MI 48226 |
| Southfield, MI 48705 | (313) 965-7610 |
| (248) 355-5555 | bak@kellerthoma.com |
| g.fieger@fiegerlaw.com | gsr@kellerthoma.com |
| j.danzig@fiegerlaw.com | |
| | |
| Barry S. Fagan (P34275) | James S. Whitehead |
| Jennifer L. McManus (P65976) | Ami N. Wynne |
| DIB AND FAGAN, P.C. | SIDLEY AUSTIN LLP |
| Co-Counsel for Plaintiff | Attorneys for Defendant and Ryan McInerney |
| 25892 Woodward Avenue | One South Dearborn Street |
| Royal Oak, MI 48067-0910 | Chicago, IL 60603 |
| (248) 542-6300 | (312) 853-7000 |
| bfagan@dibandfagan.com | jwhitehead@sidley.com |
| jmcmanus@dibandfagan.com | awynne@sidley.com |

_____

**NON-PARTY RYAN McINERNEY'S
<u>OBJECTIONS AND MOTION TO QUASH SUBPOENAS</u>**

NOW COMES Non-Party Ryan McInerney ("McInerney"), by and through his attorneys,

states his objections to the subpoenas issued by Plaintiff John Harris ("Plaintiff") for records

from Mr. McInerney's prior employers (attached hereto in Exhibit 1 and hereinafter referred to

as the "Subpoenas"), and hereby moves this Court to quash the Subpoenas in their entirety pursuant to Fed. R. Civ. P. 45(c)(3).  In further support of his Motion, Mr. McInerney states as follows:

1.  In this action, Plaintiff alleges claims of retaliation under Title VII of the Civil Rights Act of 1991, 42 USC §2000e *et seq.* and the Michigan Elliot Larsen Civil Rights Act, MCLA §37.2101 *et seq.*. Plaintiff also alleges a violation of the Michigan Bullard-Plawecki Employee Right to Know Act, MCLA §423.501 *et seq.*

2.  For the reasons set forth in the attached Brief in Support, non-party McInerney requests the Court to quash the Subpoenas in their entirety pursuant to Fed.R. Civ.P. 45(c)(3).

3.  Pursuant to Local 7.1(a), counsel for McInerney attempted to obtain the concurrence of Plaintiff's counsel regarding the relief requested herein, but it was not given, and it was therefore necessary to file this Motion.

**WHEREFORE**, non-party Ryan McInerney respectfully requests this Court to grant his Motion, enter an order quashing the Subpoenas in their entirety, and award such other relief as the Court deems appropriate.

Respectfully submitted:

Dated:  March 28, 2013

By:  /s/ Brian A. Kreucher

**KELLER THOMA, P.C.**
Brian A. Kreucher (P43723)
Gouri G. Sashital (P64628)
Attorneys for Defendant and Ryan McInerney
440 East Congress, 5th Floor
Detroit, Michigan 48226
Tel: (313) 965-7610
bak@kellerthoma.com
gsr@kellerthoma.com

2

**SIDLEY AUSTIN LLP**
James S. Whitehead
Ami N. Wynne
Attorneys for Defendant and Ryan McInerney
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000
jwhitehead@sidley.com
awynne@sidley.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN C. HARRIS,

      Plaintiff,                              Case No. 12-cv-10921

-vs-                                   HON. PAUL D. BORMAN

CSX TRANSPORTATION, INC.,
a foreign corporation,

      Defendant.

_____

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Brian A. Kreucher (P43723) |
| Jeffrey A. Danzig (P36571) | Gouri G. Sashital (P64628) |
| FIEGER, FIEGER, KENNEY, GIROUX | KELLER THOMA, P.C. |
| & DANZIG, P.C. | Attorneys for Defendant and Ryan McInerney |
| Attorneys for Plaintiff | 440 E. Congress, 5th Floor |
| 19390 West Ten Mile Road | Detroit, MI 48226 |
| Southfield, MI 48705 | (313) 965-7610 |
| (248) 355-5555 | bak@kellerthoma.com |
| g.fieger@fiegerlaw.com | gsr@kellerthoma.com |
| j.danzig@fiegerlaw.com | |
| | |
| Barry S. Fagan (P34275) | James S. Whitehead |
| Jennifer L. McManus (P65976) | Ami N. Wynne |
| DIB AND FAGAN, P.C. | SIDLEY AUSTIN LLP |
| Co-Counsel for Plaintiff | Attorneys for Defendant and Ryan McInerney |
| 25892 Woodward Avenue | One South Dearborn Street |
| Royal Oak, MI 48067-0910 | Chicago, IL 60603 |
| (248) 542-6300 | (312) 853-7000 |
| bfagan@dibandfagan.com | jwhitehead@sidley.com |
| jmcmanus@dibandfagan.com | awynne@sidley.com |

_____

**BRIEF IN SUPPORT OF
NON-PARTY RYAN McINERNEY'S
<u>OBJECTIONS AND MOTION TO QUASH SUBPOENAS</u>**

## ISSUE PRESENTED

WHETHER THE COURT SHOULD QUASH THE SUBPOENAS, SINCE THEY SEEK IRRELEVANT DOCUMENTS AND INFORMATION CONCERNING A NON-PARTY?

Case 2:12-cv-10921-PDB-LJM   ECF No. 23, PageID.110   Filed 03/28/13   Page 6 of 15

## <u>PRIMARY CONTROLLING AUTHORITY</u>

Federal Rule of Civil Procedure 45

**BRIEF STATEMENT OF FACTS**

**A.      Mr. McInerney's and Plaintiff's Employment with CSXT**

Ryan McInerney, a non-party to this action, is currently employed by Defendant CSX Transportation, Inc. ("CSXT") in the position of Technical Special Agent assigned to the Rapid Response Team ("RRT") in the CSXT police department.  McInerney Decl. ¶1 (attached hereto as Exhibit 2).    He has been employed by CSXT since January 2007.  McInerney Decl. ¶1. Plaintiff John Harris also was employed by CSXT as a Commander (or Special Agent in Charge) in the CSXT police department, until the termination of his employment in December 2010. Cmplt. ¶¶ 17, 52 (Doc. 1).

When Mr. McInerney was hired by CSXT, Plaintiff offered him a position as a Special Agent on the Detroit unit of CSXT's police department.  McInerney Decl. ¶2.    Plaintiff also performed various aspects of Mr. McInerney's background check that was required by CSXT as part of its hiring process.  McInerney Decl. ¶2.   The background check included inquiries to Mr. McInerney's prior employers and about his character.  McInerney Decl. ¶2.

Mr. McInerney was a Special Agent at CSXT and reported directly to Plaintiff from January 2007 until June 2008.  McInerney Decl. ¶3.   Since June 2008, Mr. McInerney has been a Technical Special Agent assigned to the RRT and has not reported directly to Plaintiff. McInerney Decl. ¶4.   In June 2008, he began reporting directly to other individuals assigned to the RRT, some of whom were lower in rank than Plaintiff.  McInerney Decl. ¶4.   While Plaintiff was employed at CSXT, Mr. McInerney always had been in a subordinate position to Plaintiff. McInerney Decl. ¶5.    Mr. McInerney was <u>not</u> involved in CSXT's decision to terminate Plaintiff's employment. McInerney Decl. ¶6.

1

### B.      Plaintiff's Allegations in His Complaint Against CSXT

Plaintiff alleges in this action that CSXT terminated his employment because he allegedly "complained of, objected to, and reported to Defendant CSXT's corporate management and Human Resource Department what he believed to be unlawful harassment and a hostile environment . . . ." Cmplt. ¶58.  Plaintiff also makes various allegations in his Complaint about Mr. McInerney, claiming that Mr. McInerney's alleged conduct was the cause of certain workplace issues that other CSXT employees allegedly reported to Plaintiff.  *See, e.g.,* Cmplt. ¶¶31-35.

### C.      Plaintiff's Overbroad Subpoenas Concerning Mr. McInerney

Plaintiff issued subpoenas for records from three of Mr. McInerney's prior employers: (1) the Royal Oak Police Department, (2) the Ecorse Police Department and (3) Sears HR General, Personnel Department (attached hereto in Exhibit 1 and hereinafter referred to collectively as the "Subpoenas").  The Subpoenas broadly request of each prior employer:

> "Any and all records regarding former employee, Ryan McInerney (DOB 7/9/76, SS N/A), including his complete personnel file, complaints regarding his conduct, lawsuits, disciplinary records, employment contracts, settlement agreements, grievances filed and related documents including documents regarding any resolution of any grievances, including arbitration awards, documents regarding his separation from employment, including any separation agreement, and all other documents regarding his employment."

*See* Exhibit 1 hereto.

The Subpoenas have an issuance date of March 22, 2013, just 11 days before the close of fact discovery in this case.  Counsel for CSXT and Mr. McInerney only became aware of the Subpoenas on Monday, March 25, 2013, after having received them by mail.  Plaintiff did not

provide any advance notice to counsel for CSXT that he intended to issue the Subpoenas as required by Fed. R. Civ. P. 45 (b)(1).

The Subpoenas request records concerning Mr. McInerney dating all the way back to 1994, when Mr. McInerney still was in high school. McInerney Decl. ¶7. Mr. McInerney was employed by Sears in its loss prevention department from 1994 until approximately 1998, while he was in high school and college. McInerney Decl. ¶8. He was involved in two shoplifting-related lawsuits brought against Sears and him. McInerney Decl. ¶8. After becoming a certified police officer, Mr. McInerney worked as a police officer in the Royal Oak, Michigan police department from January 2000 until March 2004. McInerney Decl. ¶9. After a brief period with another police department after working in Royal Oak, Mr. McInerney worked as a police officer in the Ecorse, Michigan police department from early 2005 until December 2006. McInerney Decl. ¶10. Mr. McInerney was involved in some lawsuits alleging excessive use of force brought against the Ecorse police department and him. McInerney Decl. ¶10. Records in the possession of Sears, the Royal Oak police department and the Ecorse police department concerning Mr. McInerney contain highly personal and private information, including but not limited to, family and emergency contact information, medical information, social security numbers, beneficiary designations, banking information and may contain non-public information concerning the lawsuits in which Mr. McInerney was involved. McInerney Decl. ¶11. The fact that Mr. McInerney was employed by Royal Oak and Ecorse as a police officer further heightens the concern about disclosing this highly private information.

## ARGUMENT

### A.  Mr. McInerney Has Standing to Bring This Motion to Quash Plaintiff's Subpoenas.

Mr. McInerney has standing to object to these Subpoenas and to move this Court to quash them.  A party has standing to challenge a subpoena under Fed. R. Civ. P. 45 "where the party seeks to quash based on claims of privilege, personal interest or proprietary interest relating to the documents being sought."  *Halawani v. Wolfenbarger*, No. 07-15482, 2008 WL 5188813, at *1 (E.D. Mich. Dec. 10, 2008) (finding that an individual whose employment records were subpoenaed has standing to challenge the subpoena).  Plaintiff's broad request for records in the Subpoenas unquestionably includes highly personal and confidential information about Mr. McInerney.  As a result, he clearly has standing to challenge them.  *Ibid.*

Mr. McInerney's Motion is timely as it was filed and "served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(c)(2)(B).

### B.  Plaintiff's Subpoenas Seek Irrelevant Information Concerning a Non-Party's Former Employment Dating Back to High-School Employment and Must Be Quashed.

This Court must quash Plaintiff's Subpoenas because they are nothing more than an irrelevant fishing expedition into Mr. McInerney's former employment dating all the way back to high school, which has nothing to do with Plaintiff's claims against CSXT.  Under Fed. R. Civ. P. 45(c)(3)(A), a court "must" quash or modify a subpoena that "subjects a person to undue burden."  "Relevancy is one factor used by courts to balance against the burden of production." *Lowe v. Vadlamudi*, No. 08-10269, 2012 WL 3887177, at *2 (E.D. Mich. Sept. 7, 2012); *see also*, *Cook v. Howard*, 484 Fed. Appx. 805, 812 n. 7 (4th Cir. 2012) ("This ground [undue burden] encompasses situations where the subpoena seeks information irrelevant to the  case . . . ."). "The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general

4

relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Halawani*, 2008 WL 5188813, at *3 (internal quotations and citations omitted).

Plaintiff's Subpoenas request for "any and all records regarding former employee, Ryan McInerney" from Mr. McInerney's former employers dating back to *high school* (almost 20 years ago) seeks information that is completely irrelevant to Plaintiff's retaliation claim against CSXT. Exhibit 1. Mr. McInerney's former employment history and other information related thereto has no bearing whatsoever on the allegations that Plaintiff has made about Mr. McInerney's conduct as a CSXT employee. Nor does Mr. McInerney's prior employment have anything to do with whether CSXT retaliated against Plaintiff as Plaintiff alleges in this action. To the extent that Plaintiff may contend that Mr. McInerney's conduct during his employment prior to CSXT purportedly is relevant to whether he actually engaged in the conduct that Plaintiff alleges in his Complaint or otherwise, this argument falls flat and already has been rejected by this Court and others. *See, e.g., Singletary v. Sterling Transport Co.*, Civil Action No. 2:12cv298, 2012 WL 5449687 2012 WL 5449687 at *6 (stating that prior wrongful conduct or prior poor work performance is not admissible under Fed. R. Evid. 404(b)(1)); *Blotzer v. L-3 Communications Corp.*, 287 F.R.D. 507, 510 (D. Arizona 2012) (granting motion to quash subpoenas to the plaintiff's prior employers and stating that "character evidence to prove that, on a particular occasion, a person acted in accordance with [a] trait" inadmissible under Fed. R. Evid. 404(a)). In short, there simply is no credible basis for Plaintiff to claim that Mr. McInerney's prior employment history, or all of records of his former employers concerning him, are in any way relevant to the issues in this action or that such information is reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims.

Courts (including this Court) have routinely quashed subpoenas for information about an individual's former employment, even when those requests sought information regarding the

actual plaintiff in the case or the employer's decision makers.  For example, in *Tribula v. SPX Corp.*, Civil Action No. 08-cv-13300-DT, 2009 WL 87269, this Court quashed a subpoena requesting information about the plaintiff from the plaintiff's former employers because it was "not reasonably calculated to lead to the discovery of admissible evidence."  2009 WL 87269 at *2 n. 2 (E.D. Mich. Jan. 12, 2009).  In *Condor v. West Bountiful City*, No 2:07cv924, 2008 WL 4200605, the court for the District of Utah quashed the plaintiff's subpoena seeking personnel information from her former supervisors' former employers.  2008 WL 4200605, at *2 (D. Utah Sept. 9, 2008) ("Plaintiff is not entitled to discover personnel records from previous employers.").  Recently, the court for the Eastern District of Virginia in *Singletary v. Sterling Transport Co.*, Civil Action No. 2:12cv298, 2012 WL 5449687, quashed a subpoena for information from the plaintiff's former employers because it was overbroad and sought irrelevant information.  2012 WL 5449687 at *4.  This Court should apply this same reasoning and quash Plaintiff's Subpoenas.

Moreover, employee personnel files inevitably contain, as do Mr. McInerney's, highly personal and private information, such as family and emergency contact information, medical information, social security numbers, beneficiary designations and banking information.  Indeed, Plaintiff's incredibly overbroad request for Mr. McInerney's "complete" personnel files expose the Subpoenas for what they are – fishing expeditions designed to harass Mr. McInerney.

In light of the above, this Court should quash the Subpoenas.  Plaintiff's Subpoenas concerning Mr. McInerney go even farther afield than the subpoenas quashed by the aforementioned courts.  Indeed, Plaintiff's Subpoenas fall far outside the bounds of relevance by seeking information—including highly personal information—about the former employment of a

6

subordinate employee who is not a party to this action and had nothing to do with the decision to terminate Plaintiff's employment. For these reasons, the Subpoenas must be quashed. *See ibid.*[1]

### CONCLUSION

As explained above, the Subpoenas do not seek any information that is relevant to Plaintiff's claims or CSXT's defenses or that is likely to lead to admissible evidence concerning *Plaintiff's* retaliation claims against CSXT. This sort of fishing expedition designed solely to harass Mr. McInerney should not be permitted.

WHEREFORE, for the foregoing reasons, Non-Party Ryan McInerney respectfully requests that this Court (A) quash the subpoenas that Plaintiff John Harris issued to (1) the Royal Oak Police Department, (2) the Ecorse Police Department and (3) Sears HR General, Personnel Department in their entirety and (B) award him attorneys' fees and costs associated with bringing this Motion and all other relief that this Court deems just and appropriate.

---

[1] The Subpoenas also should be quashed because Plaintiff failed to comply with Fed. R. Civ. P. 45(b)(1) by failing to provide prior notice of the Subpoenas to CSXT. *See* Fed. R. Civ. P. 45(b)(1) ("If the subpoena commands the production of documents, electronically stored information, or tangible things . . . *then before it is served*, a notice must be served on each party.) (emphasis added). Counsel for CSXT, the adverse party, did not receive any advance notice of the subpoenas from Plaintiff and only became aware of them after having received them in the mail three days after they were issued. Accordingly, the Subpoenas should be quashed on these additional grounds. *See Halawani,* 2008 WL 5188813, at *4 (acknowledging that prior notice to adverse parties of an issuance of a subpoena is required under Fed. R. Civ. P. 45).

Respectfully submitted:


By:   /s/ Brian A. Kreucher
**KELLER THOMA, P.C.**
Brian A. Kreucher (P43723)
Gouri G. Sashital (P64628)
Attorneys for Defendant and Ryan McInerney
440 East Congress, 5th Floor
Detroit, Michigan 48226
Tel: (313) 965-7610
bak@kellerthoma.com
gsr@kellerthoma.com

**SIDLEY AUSTIN LLP**
James S. Whitehead
Ami N. Wynne
Attorneys for Defendant and Ryan McInerney
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000
jwhitehead@sidley.com
awynne@sidley.com

Dated:  March 28, 2013

8

## CERTIFICATE OF SERVICE

I certify that on March 28, 2013, I electronically filed Non-Party Ryan McInerney's Objections and Motion to Quash Subpoenas, Brief in Support, and this Certificate of Service with the Clerk of the Court using the Case Management/Electronic Case Files ("CM/ECF") system which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

/s/ Brian A. Kreucher
Brian A. Kreucher  (P43723)
Attorney for Defendant and
 Ryan McInerney
440 East Congress, 5th Floor
Detroit, Michigan  48226
(313) 965-7610
bak@kellerthoma.com

Dated:  March 28, 2013

CH1 7561196